IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1665-02






JUSTUS LARUE TAYLOR, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY






 Keller, P.J., filed a concurring opinion in which PRICE, HOLCOMB, and
COCHRAN, J.J., joined.


CONCURRING OPINION



 I join the Court's opinion. My understanding of the ordinance at issue, however, differs from
that of the Court of Appeals. I'll explain.

 The ordinance's definition of "manager" is ambiguous. The ordinance could be read to mean
that a manager is one of three different kinds of employees: (1) a person who supervises, directs or
manages any employee of an enterprise, (2) any other person who conducts any business in an
enterprise with respect to any activity conducted on the premises of the enterprise, or (3) any on-site
manager. 

 Or it could be read to mean that a manager is a person who supervises two different types of
employees. A manager supervises, directs or manages: (1) any employee of an enterprise or (2) any
other person who conducts any business in an enterprise with respect to any activity conducted on the
premises of the enterprises, including any on-site manager. 

 Or it could be that a manager supervises two kinds of employees, and also includes an on-site
manager. A manager supervises, directs or manages: (1) any employee of an enterprise or (2) any
other person who conducts any business in an enterprise with respect to any activity conducted on the
premises of the enterprises; "manager" includes any on-site manager.

 There is at least one other construction, but it is grammatically unsound so I will assume it is not
right.

 I think the third construction is correct. The first makes everyone who conducts business in an
enterprise a manager. Under the ordinance's definition of "conduct any business in an enterprise," that
would make, for instance, the door attendant, the waitress, the cashier, and the dancer all managers at
the same time.

 The second construction would mean that an on-site manager is not a manager, but is one type
of "any other person who conducts business in an enterprise." But the definition of "conduct any
business in an enterprise" does not include "on-site manager." So "on-site manager" must stand alone.

 Unlike the Court of Appeals, I would say that a manager does not include "any person who
conducts any business in an enterprise" but instead includes a person who supervises, directs, or
manages any person who conducts any such business. 

 KELLER, Presiding Judge

Delivered: October 8, 2003

Publish